UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANTHONY LEWIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | Civil Action No. 21-11003-DJC |
| ) | |
| **GARY HENRY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**CASPER, J.**                                                                                                October 7, 2022

Anthony Lewis, acting *pro se*, filed this action in June 2021. After a scheduling conference on February 22, 2022, the clerk mailed Mr. Lewis a copy of the clerk's notes from the February 28, 2022 scheduling conference at the address he had previously provided. On March 28, 2022, the envelope with the clerk's notes from the scheduling conference was returned to the Court as undeliverable. D. 35. It appears Mr. Lewis is no longer at the address and he has not informed the Court of his new address as required under this Court's Local Rules. See District of Massachusetts Local Rule 83.5.5(h) (requiring *pro se* litigants to inform the clerk of any change of address within fourteen days of the change). It is well settled that district courts have inherent power to dismiss cases for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) (noting that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted"). Given no current address for Mr. Lewis required by Local Rule 83.5.5(h) and no further action by him in this case,

the Court DISMISSES this case without prejudice.  The Clerk shall enter a separate order of dismissal.

      **SO ORDERED.**

                                                                             <u>/s Denise J. Casper</u>
                                                                             Denise J. Casper
                                                                             United States District Judge